**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| VENN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-01404 |
| | ) | |
| | ) | |
| BRENDAN COX AND TRAFFIC TECH, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Motion to Stay filed by Defendants Traffic Tech, Inc. ("Traffic Tech US") and Brendan Cox ("Cox") (collectively, "Defendants").

I. **INTRODUCTION**

Defendants request a stay based on <u>Colorado River</u> abstention, Defendants fail to address a threshold issue—whether the Ontario and Virginia litigation are "parallel." They are not. The issues are distinct in theories and facts. The parties are also distinct, with only one common party between the two cases. The Ontario and Virginia proceedings are not "parallel" as that term is construed in the Fourth Circuit.

1

II.  **BACKROUND AND PROCEDURAL HISTORY**

In the Ontario proceeding, Traffic Tech Inc. alleges that both Venn Corp. and Venn Corp. Canada violated a Services Agreement and a Sublease Agreement between the parties. These claims were asserted in a Statement of Claim filed on November 20, 2014, and notice of intent to amend was provided on October 2, 2015. During a November 2015 proceeding, Traffic Tech Inc.'s attorney admitted under oath that the claims alleged in the Amended Statement of Claim in Ontario are unrelated to the alleged Virginia claims.

On January 8, 2015, the Venn Entities filed a Statement of Defense and Counterclaim. Any factual allegation referenced in the Counterclaim necessarily occurred before January 8, 2015— nearly nine months before Venn employees Cox, Pantin, and Hollis resigned to join Traffic Tech. Pleadings remain open in Ontario.

The Virginia proceeding was filed before this Court on October 28, 2015. Venn US filed its Complaint against Mr. Cox and Traffic Tech US and all eight causes of action remain: violation of the Virginia Uniform Trade Secrets Act (Count I); violation of the Computer Fraud and Abuse Act (Count II); Breach of Fiduciary Duty (against Cox only) (Count III); Civil Conspiracy (Count IV); Tortious Interference with Contractual Relationship (Count V); Tortious Interference with Business Relationship (Count VI); Breach of Contract (against

2

Cox only) (Count VII); and violation of the Virginia Business Conspiracy Act (Count VIII).

Defendants filed an unsuccessful Motion to Dismiss for Lack of Personal Jurisdiction, for Improper Venue, and for the First-to-File Rule; an unsuccessful Motion for Judgment on the Pleadings; and an unsuccessful Motion to Dismiss for Lack of Personal Jurisdiction.

III.  **STANDARD OF REVIEW**

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 2d 124, 127 (4th Cir. 1983). Thus, Defendants "must make out a clear case of hardship or inequity in being required to go forward." Id.

IV.  **DISCUSSION**

The Fourth Circuit warns, "'[t]he Colorado River doctrine does not give federal courts carte blanche to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals.'" McLaughlin v. United Virginia Bank, 955 F.2d 930, 935 (4th Cir. 1992) (quoting United States v. SCM Corp., 615 F.Supp. 411, 417 (D.Md. 1985)). The same must surely be true of "past or pending proceedings" before foreign tribunals.

3

Defendants' Motion rehashes arguments this Court repeatedly considered and rejected. Arguments about the Virginia and Ontario lawsuits constituting "parallel litigation" and Canada being the more appropriate venue were raised in Traffic Tech's Motion to Dismiss. Argument about an Ontario choice-of-law provision was raised in Traffic Tech's Motion to Dismiss and its Motion for Judgment on the Pleadings. Arguments that pertinent evidence is in Canada and that the "first-to-file" rule warrants the requested relief were raised in Traffic Tech's Motion to Dismiss. Argument that Cox possesses few contacts with Virginia was raised in his Motion to Dismiss. The declarations in support of the present Motion were previously submitted in support of earlier rejected motions. This Motion is an inappropriate vehicle to rehash settled arguments by seeking different relief. The Virginia litigation is not parallel to the Ontario proceeding.

"[B]efore even considering the Colorado River factors, it is first necessary to determine whether there exist parallel duplicative [] proceedings." McLaughlin, 955 F.2d at 935. See also Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 (4th Cir. 2006) (calling the issue a "threshold question").

1. **The Virginia and Ontario Issues are Not Substantially the Same.**

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Gannett Co. v. Clark Constr. Group, Inc., 286 F.3d 737, 742 (4th Cir. 2002). Two "virtually identical" actions are not parallel if the remedy sought and the issues raised are not the same. McLaughlin, 955 F.2d at 935. Even if two actions arise out of the same set of facts, "some factual overlap does not dictate that proceedings are parallel." New Beckley Mining Corp. v. Int'l Union, 946 F.2d 1072, 1074 (4th Cir. 1991).

Here, the facts underlying the Ontario and Virginia issues are distinct. The Ontario claims are primarily contract-based, while the Virginia claims are primarily tort-based. Further, the Ontario litigation was filed months prior to the events that even gave rise to the Virginia litigation. The material facts supporting the Virginia claims all post-date the Ontario litigation by significant time.

The Ontario proceeding concerns a commercial dispute between Traffic Tech Canada and the Venn Entities, primarily raising issues of contractual construction, interpretation, and effect. In Ontario, Traffic Tech alleges that Venn breached the terms of a Service Agreement and a Lease when Venn did not pay invoices for using Traffic Tech's warehousing and other

services. In the January 8, 2015 counterclaim, at the direction of Venn's principles at the time (including Mr. Cox), Venn alleged that Traffic Tech breached certain contracts by negligently allowing damage to warehouse goods and is liable for interfering with Venn's contractual relations, among other primarily contract-based claims.

On the other hand, the allegations in Virginia occurred months after the Ontario litigation began, when Cox allegedly began negotiating his return to Traffic Tech, misappropriated trade secrets, and maneuvered Venn's clients away from Venn to Traffic Tech.

The facts alleged in Virginia all postdate the Ontario action: Count I relates to actions in and around October 2015 while Counts II through VIII relate to actions after May 2015. The Virginia litigation, unlike the Ontario litigation, involves primarily tort-based claims against not just Traffic Tech but also Cox himself. The Virginia litigation does not involve construction of a lease or the parties' obligations under the Services Agreement. Instead, it seeks relief primarily for the conspiracy between Cox and the Traffic Tech Entities to steal Venn's clients and information—conduct alleged to have occurred months after the facts giving rise to the claims and counterclaims in the Ontario proceeding.

Further, the acts animating the Virginia litigation (Cox's

move to Traffic Tech) had not yet occurred when the Ontario litigation was filed or when Venn leadership (including Cox) authorized Venn's Ontario counterclaim. Thus, "all the facts and potential parties and claims" were not in existence at the time of the Ontario pleadings. There was no "race to the courthouse" after one failed transaction gave both parties an incentive to file their lawsuit first.

In New Beckley Mining Corp. v. Int'l Union, 946 F.2d 1072 (4th Cir. 1991), the Fourth Circuit reversed a finding that two cases were parallel. One case sought monetary relief, the other sought equitable relief; one suit sought to end union violence, the other sought compensation for damaged property as a result of that violence; one suit alleged violations of West Virginia criminal law, the other included allegations that violated the criminal laws of Kentucky and Virginia as well. New Beckley was a closer call than the present action because the two lawsuits in question arose out of the same set of facts: "specific violent incidents associated with the selective strike." New Beckley's holding is dispositive in this case.

The Fourth Circuit also reversed a finding of parallel cases in McLaughlin v. United Va. Bank. 955 F.2d 930 (4th Cir. 1992). The Fourth Circuit observed that "many of the claims are the same and the various proceedings arise out of the same operative, albeit protracted, set of facts." Id. at 935. While

the two actions "have similar claims and draw on common events, they [were] not totally duplicative." Id. The presence of a breach of contract claim in one lawsuit that did not exist in another was controlling in the Fourth Circuit's holding that the two actions were not parallel. McLaughlin, 955 F.2d at 935. The same is true in this case.

In Great Am. Ins. Co. v. Gross, 468 F.3d 199 (4th Cir. 2006), the Fourth Circuit again reversed a finding that two cases were parallel. There, the Fourth Circuit relied on certain "questions of fact and law that [would] not be resolved in any other action." Id. at 208. The Fourth Circuit held the lawsuits were dissimilar because "[w]hether Patterson lied when he completed the Proposal Forms, whether Great American's underwriter relied on his lies, and whether they were material to the risk Great American undertook when it issued the Policy and, later, doubled its liability limit" were issues unique to the federal lawsuit. Id. In this case, whether Cox misappropriated trade secrets, conspired with Traffic Tech to interfere with Venn's business expectancies, and breached his fiduciary duties are issues (among others) that are only as issue in the Virginia case. These cases demonstrate that the Virginia and Ontario cases are not parallel because they do not involve the substantially same claims.

The Virginia and Ontario cases are not "parallel" because

8

they do not involve substantially the same issues. The cases arise from different facts and seek different remedies under different theories. While this finding that the actions are not parallel dispenses of any necessary further analysis, this Court further notes that the Virginia and Ontario parties are not substantially similar.

2. **The Virginia and Ontario Parties are Not Substantially Similar.**

The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." Chase Brexton Health Servs. v. Md., 411 F.3d 457, 464 (4th Cir. 2005); see also Great Am. Ins. Co., 468 F.3d at 208.

In the Ontario litigation, the Plaintiff is "Traffic Tech Inc." (without a comma; also known as Traffic Tech Canada). The Defendants are Venn Corporation and Venn Corporation Canada. In the Virginia action, the Plaintiff is Venn Corporation. The Defendants are "Traffic Tech, Inc." (with a comma, also known as Traffic Tech US) and Brendan Cox.

Of the five parties, only Venn Corporation appears in both the Ontario and Virginia actions. Brendan Cox is a defendant in the Virginia litigation, but is not party to the Ontario litigation. If this Court were to stay this matter in deference to the Canadian court, it would "deprive[] [Venn] of

the opportunity to litigate its claims" against Cox—its COO—in its home forum, for an indeterminate period of time. <u>Great Am. Ins. Co.</u>, 468 F.3d at 208.

Defendants now contradict their prior positions by urging the Court to find that the various Traffic Tech entities and Venn entities are two sides of the same coin. In support of the present Motion to Stay, Defendants offer the declaration of their own lawyer: "Traffic Tech Canada is an entirely separate corporate entity from Defendant Traffic Tech US with different management, offices, and employees." Defendants' demonstration that the corporations are legally distinct discredits their new assertion that "there is a substantial overlap between the parties in the two proceedings" and their urging that "[t]he distinction in the 'Traffic Tech' entities between this action and the Ontario litigation should be disregarded."

Defendants fail to make the threshold showing that the Ontario and Virginia proceedings are "parallel" because the parties in those two actions are not "substantially the same" or "almost identical." Venn Corporation is the only common party. The parties are not substantially the same.

## V.   CONCLUSION

The Ontario and Virginia proceedings are not "parallel" as the Fourth Circuit defines that term. Neither the issues nor the parties are substantially the same. This Court must deny

10

Defendants' Motion to Stay.

An appropriate order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 4, 2016

11